■ JUSTINE M. BRAUN, Plaintiff, v COUNTY OF ORANGE, Defendant and Third-Party Plaintiff-Appellant, ORANGE COUNTY DEPARTMENT OF RESIDENTIAL HEALTH CARE SERVICES et al., Appellants, and ROBSON & WOESE, INC., et al., Respondents. TURNER CONSTRUCTION COMPANY et al., Third-Party Defendants-Respondents. (Action No. 1.) JUSTINE M. BRAUN, Plaintiff, v TURNER CONSTRUCTION COMPANY et al., Defendants. (Action No. 2.) [861 NYS2d 727]—

In two related actions, inter alia, to recover damages for wrongful death and conscious pain and suffering, the defendants County of Orange, Orange County Department of Residential Health Care Services, and Orange County Home and Infirmary appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated August 31, 2006, as granted that branch of the motion of defendant NBBJ Architecture, PLLC, which was for summary judgment dismissing the cross claim asserted by them against that defendant in action No. 1, granted that branch of the separate motion of the defendant Robson & Woese, Inc., which was for summary judgment dismissing the cross claim asserted by them against that defendant in action No. 1, and granted those branches of the respective motions of the third-party defendants Turner Construction Company and Thomas J. Kempton, Jr., Inc., which were for summary judgment dismissing the third-party complaint insofar as asserted against each of them in action No. 1.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In 1996 the County of Orange began a renovation of its Residential Health Care Facility, including alterations to so much of the facility known as the Couser Building. To facilitate the project, the County contracted with NBBJ Architecture, PLLC (hereinafter NBBJ), for design services. In turn, NBBJ retained Robson & Woese, Inc. (hereinafter Robson), to design the heating ventilation, air conditioning, plumbing, electrical, and building systems for the project. The County also contracted with general contractor Turner Construction Company (hereinafter Turner) and plumbing contractor Thomas J. Kempton Jr., Inc. (hereinafter Kempton). The renovation was completed in 1997.

On June 29, 2001 the plaintiff's decedent, a 94-year-old resident of the Couser Building, received second and/or third degree burns to the lower portion of her body while being bathed by a nursing assistant. The decedent was hospitalized and died five days later. The plaintiff commenced action No. 1 against the County, Orange County Department of Residential Health Care Services, and Orange County Home and Infirmary (hereinafter the County defendants), alleging negligent care and supervision of the decedent, as well as negligent maintenance, inspection, repair, testing, design, and installation of the water distribution system in the decedent's building. The plaintiff later joined Robson and NBBJ as defendants, alleging that these firms negligently designed, constructed, and/or installed that system. The County defendants asserted separate cross claims against Robson and NBBJ, and the County impleaded Turner and Kempton (hereinafter with Robson and NBBJ collectively the construction defendants).

After discovery, Turner and Kempton separately moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against each of them in action No. 1, while NBBJ and Robson separately moved, among other things, for summary judgment dismissing the County defendants' cross claims insofar as asserted against them in action No. 1. The County defendants opposed the various motions and argued, inter alia, that the construction defendants were negligent in the performance of the various duties imposed by their respective contracts with the County. In a single order, the Supreme Court granted the several motions for summary judgment. We affirm the order insofar as appealed from by the County defendants.

Robson and NBBJ established their entitlement to judgment as a matter of law in connection with the separate cross claims

asserted against each of them by the County defendants since they demonstrated that they were not negligent in the performance of their respective duties. In opposition, the County defendants failed to raise a triable issue of fact. Similarly, Turner and Kempton also established their entitlement to judgment as a matter of law in connection with the third-party action. In opposition, the County failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the construction defendants' respective motions which were for summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.